UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:26-CV-00187-GNS

LUIS ENRIQUE MALDONADO PARRA                                        PETITIONER

v.

ADAM SMITH, Jailer, Christian County Jail;
MARKWAYNE MULLIN, Acting Secretary of
Homeland Security; DAVID VENTURELLA,
Acting Director of U.S. Immigration and
Custom Enforcement; TODD BLANCHE,
Attorney General of the United States Department
of Justice; and SAM OLSON, Field Director for
Enforcement and Removal Operations                                 RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

On May 10, 2023, Petitioner Luis Enrique Maldonado Parra ("Parra"), a native and citizen of Venezuela, entered the United States in Brownsville, Texas. (Pet. ¶¶ 3, 12, DN 1; Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 7-1). He was issued a Notice to Appear and paroled into the country for one year pending a 240 hearing. (Resp'ts' Resp. Show Cause Order Ex. 1, at 3). He subsequently filed an application for employment authorization, which was approved. (Resp'ts' Resp. Show Cause Order Ex. 4, at 2, DN 7-4). He has also filed applications for asylum and withholding of removal. (Pet. ¶ 12).

On April 7, 2026, Parra pleaded guilty to the misdemeanor of driving while suspended and was sentenced to 60 days in jail, with a credit given for time served. (Pet. Ex. E, at 8, DN 1-6). Then, on April 8, 2026, a Warrant for Arrest of Alien was issued for Parra, and he was taken into Immigration and Customs Enforcement ("ICE") custody from an Indiana jail. (Resp'ts'

1

Resp. Show Cause Order Ex. 3, at 1, DN 7-3; Resp'ts' Resp. Show Cause Order Ex. 4, at 2, DN 7-4). Parra is currently detained at the Christian County Jail. (Pet. ¶¶ 2, 17).

On April 11, 2026, an arrest warrant was issued by an Indiana court for Parra relating to a misdemeanor charge of theft relating to items taken from a retail store near Indianapolis, Indiana, on March 15, 2026. (Resp'ts' Resp. Show Cause Order Ex. 5, at 4-6, DN 7-5). That charge appears to be still pending. (Pet. Ex. E, at 1-3).

Parra filed the Petition for Writ of Habeas Corpus against Respondents: Adam Smith, Christian County Jailer; Markwayne Mullin, Secretary of the Department of Homeland Security; David Venturella, Acting Director of ICE; Todd Blanche, Acting Attorney General of the United States; and Sam Olson, Field Office Director for Enforcement and Removal Operations of ICE. (Pet. ¶¶ 4-8). In the Petition, he challenges his detention, and alleges violations of his due process rights under the Fifth Amendment, and unlawful warrantless arrest in violation of Immigration and Nationality Act and its regulations, and the Fourth Amendment. (Pet. ¶¶ 29-49).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Parra bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

In arguing that Parra is being lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A), Respondents rely upon *Jean v. Bullock*, No. 2:26-CV-02571-BCL-atc, 2026 WL 1531056 (W.D. Tenn. May 30, 2026).  (Resp'ts' Resp. Show Cause Order 4-7, DN 7).  In *Jean*, a sister court held the petitioner was being properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) because he was an applicant for admission.  *See id.* at *2-3.  The reasoning in *Jean*, however, appears flawed and contrary to the language of the relevant statutes.  Therefore, this argument does not provide a basis for Parra's current detention.

In relevant part, Section 1225 provides:

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).  For the purposes of this provision, "an alien who is an applicant for admission" is defined as an "alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1).  In *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), which was decided before Parra's detention began, "the [Sixth] Circuit rejected the government's position that [Section] 1225 governs such noncitizen detainees, concluding that '[t]o hold otherwise would subject long-term law-abiding residents in the United States . . . to the hardship of mandatory detention without due process.'"  *Berrou v. Fields*, No. 26-166-DLB, 2026 WL 1382606, at *2 (E.D. Ky. May 18, 2026) (third and fourth alterations in original) (quoting *Lopez-Campos*, 175 F.4th at 735).

In relevant part, 8 U.S.C. § 1226, which is titled "Apprehension and detention of aliens", provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the

3

United States.  Except as provided in subsection (c) and pending such decision, the Attorney General—

(1)    May continue to detain the arrested alien; and

(2)    May release the alien on—

(A)    Bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. § 1226(a).  In 2025, Congress amended Section 1226(c) of the Immigration and Nationality Act through the passage of the Laken Riley Act, which added a new subsection under Section 1226(c) requiring mandatory detention in certain circumstances.  *See* Laken Riley Act, Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025).  Under this amendment, there is a two-step process in which the Attorney General must detain noncitizens if:

(1)    they are inadmissible because they are in the United States without being admitted or paroled, obtained documents or admission through misrepresentation or fraud, or lacks valid documentation and

(2)    "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."

*Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *2 (W.D. Ky. Sep. 19, 2025) (quoting U.S.C. §§ 1226(c)(1)(E)(i)-(ii)).  As one court reasoned, "by using the present tense, [Section] 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute."  *Hairo v. Crawford*, No. 2:25CV704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (citation omitted);

While Parra was not subject to mandatory detention when he was initially taken into ICE custody on April 8, 2026, the present record supports a finding that he is subject to mandatory detention under Section 1226(c)(1)(E)(ii) relating to his theft charge in Indiana, which was filed on April 11, 2026, while he was in ICE custody.  Therefore, Parra has failed to show that he is entitled to habeas relief based on his current detention.

4

5

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED WITHOUT PREJUDICE**.  The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 22, 2026

cc:     counsel of record